```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                               JUN 2 2 2015

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY              DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BURKE LAMAR,<br><br>　　　　　Defendant. | Case No.  MJ 15-1174<br><br>ORDER OF DETENTION |

I.

The Court conducted a detention hearing:

☒　　　On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒　　　On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure

the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

tthe Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Lack of SIGNIFICANT bail resources, to include a secured bond

☐ Refusal to interview with Pretrial Services

☒ No stable employment

☒ Previous failure to appear for Department of Motor Vehicles' violation on March 14, 2014.

☐ Ties to foreign countries

☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

☐ history of non-compliance with warrants

As to danger to the community:

☒ Nature of previous criminal convictions and defendant is presently on diversion in a matter in the Central District of California

☒ Allegations in present charging document

☐ Substance abuse

☐ Already in custody on state or federal offense

☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

3

V.

☐   The Court finds a serious risk that the defendant will

    ☐   obstruct or attempt to obstruct justice.

    ☐   threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

VI.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]


Dated: June 22, 2015                    _____/s/_____
                                        HON. ALKA SAGAR
                                        UNITED STATES MAGISTRATE JUDGE